| |
|---|
| **Bailey v Rubin** |
| 2025 NY Slip Op 31005(U) |
| March 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160351/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

-------------------------------------------------------------------------------X

FRANKLIN BAILEY,

Petitioner,

- v -

JAMIE RUBIN, THE NEW YORK CITY HOUSING AUTHORITY,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 160351/2024 |
| MOTION DATE | 11/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for           ARTICLE 78 (BODY OR OFFICER)           .

This Article 78 proceeding arises out of allegations that respondents wrongfully recouped Section 8 subsidy payments for an apartment occupied by a tenant entitled to receive the subsidy and petitioner was the landlord. Respondent opposes the instant petition. For the reasons set forth below, the petition is granted in part.

*Background*

In April 2024, an inspector employed by respondent attempted to conduct an annual inspection of the subject apartment. Prior to arriving at the apartment, the inspector called a number believed to belong to the tenant and was informed that as of July 2023, the family no longer resided at the subject apartment. As a result of the inspector's report, respondents suspended payments beginning May 1, 2024, and began recouping payments, pursuant to the terms of the contract between the parties, already made from August 2023 through April 2024.

By letter dated October 24, 2024, respondents sent petitioner a letter informing him of the payments that either have already been recouped and/or will be recouped. Based upon a letter

160351/2024 Motion No. 001                                                                 Page 1 of 4

[* 1]

respondents received from the shelter, stating that tenant resided there beginning April 2023, the letter to petitioner included the recoupment date beginning May 1, 2023, rather than the August 2023 date originally decided by respondents.

Petitioner, landlord, contends that respondents wrongfully relied on a representation made by the tenant that they vacated the premises and maintains that to date tenant has the keys to the apartment. Petitioner also asserts that he commenced a holdover proceeding in June 2023 against the tenant, and was successful, however petitioner has not annexed a copy of the petition, nor the favorable outcome he alleges he received. Petitioner

*Standard of Review*

Article 78 review is permitted, where a determination was made that "was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed…." CPLR §7803(3).

"Arbitrary" for the purpose of the statute is interpreted as "when it is without sound basis in reason and is taken without regard to the facts." *Pell v Board of Ed. of Union Free School Dist. No. of the Towns of Scarsdale and Mamaroneck, Westchester Cty.* 34 NY2d 222, 231 [1974].

A court can overturn an administrative action only if the record illuminates there was no rational basis for the decision. *Id.* "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard." *Id.* If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in the law, it must be confirmed." *American Telephone & Telegraph v State Tax Comm'n* 61 NY2d 393, 400 [1984].

[* 2]

It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan Cnty. Harness Racing Ass'n, Inc. v Glasser*, 30 NY2d 269 [1972]; *Presidents' Council of Trade Waste Assns. v New York,* 159 AD2d 428, 430 [1st Dept 1990].

*Discussion*

Based on the record before this Court, the Court finds that respondents' action of suspending and recouping payments from August 2023 through April 2024, is rational and not arbitrary or capricious. The Court finds that respondents were reasonable in its reliance on the tenants' statements that it vacated the premises in July 2023. However, the Court finds that it is simply unreasonable and irrational to seek recoupment of the May 2023 through July 2023 subsidy payments based on the inconsistencies in the information provided by the tenant.

First, the Court finds it irrational that the Certification of Completed Repairs, signed by the tenant on June 24, 2023, was sufficient for respondents to reinstate the payments previously suspended based on a February 16, 2023, violation, however, now seeks to reverse course and recoup those payments based on the letter received by the shelter.

Although the letter, dated September 26, 2024, from the shelter provides that the tenant resided there in April 2023, tenant's initial statement to the inspector of vacating July 2023 and tenants later statement of vacating in May 2023, along with the tenants signed Certification of Repair dated June 24, 2023, all call into question the reasonableness of respondents' reliance of the tenant's statements. The Court finds that respondents crediting of the tenants' various dates of vacatur is arbitrary and capricious and is inconsistent with its own prior determination that the landlord was entitled to subsidy payments in April 2023, May 2023, June 2023 and July 2023, based on the tenant's signed Certification of Repair.

[* 3]

With respect to the remaining recoupment periods, the Court finds that petitioner has failed to establish that respondents were arbitrary and capricious. In fact, petitioner's own statements, although unsupported by documentary evidence, that it began a holdover proceeding and threatened to evict the tenant is consistent with the initial date of vacatur as communicated to the inspector. Petitioner has not provided any competent evidence to establish his entitlement to the remainder of the subsidy payments alleged in the petition. Accordingly, it is hereby

ORDERED that respondents recoupment of payments made for the months of April 2023, May 2023, June 2023, and July 2023 is irrational and arbitrary and capricious, and therefore, any recoupment previously made from these time periods by responded be refunded forthwith, and respondent is estopped from recouping money from that time period going forward; and it is further

ADJUDGED that the petition is otherwise denied.

20250327115754LFRANK3724D75C89914BDBB786F6211991C257

_____
**3/27/2025**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]